Estate of Chester W. Cuthell, by Dorothy B. Cuthell, Executrix v. Commissioner.
Estate of Cuthell v. Commissioner
Docket No. 738.
United States Tax Court
1944 Tax Ct. Memo LEXIS 296; 3 T.C.M. (CCH) 313; T.C.M. (RIA) 44106; April 5, 1944
*296 Thomas H. Pinney, Esq., for the petitioner. Laurence F. Casey, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: An income tax deficiency for 1940 of $824.01 was determined as the result of the disallowance of a deduction of $2,497 taken by the taxpayer as a capital loss from the sale for $6 of 100 shares of Plant Cultivation Co., the Commissioner holding that "the stock had become worthless in a prior year." [The Facts] The taxpayer's 1940 return was filed in the Second District of New York. In 1935, he bought 100 shares of Plant Cultivation Co. for $5,000. The corporation had been organized in 1935 to exploit a process for germinating seeds without soil, light or heat, according to a secret chemical formula which had been originated in Germany. Patents were taken out in the United States for the corporation. The entire project was promoted and controlled in this country by one Widmann, who was the controlling shareholder of the corporation. The corporation never made any money, although it invested about $10,000 in patents and equipment, some of which were in storage and have since been sold. All its tax returns through 1938 show losses, and since *297 1938 it has been inactive. Widmann, the promoter, died in 1938, and no one was elected president to succeed him. Although a balance sheet as of December 31, 1940, shows assets of $431,802.65, of which $418,677.50 was the valuation of "patents and processes," the only witness, who had been secretary of the corporation, testified that this asset figure was entirely arbitrary. The corporation's charter was declared forfeited by the State of Delaware in 1940. In December, 1940, the taxpayer sold his 100 shares to the brokerage firm of Widmann, Benson & Co. for $6, from which the deduction of $5.50 "New York and Federal" taxes left $.50 net. From the evidence, it is found as a fact that the taxpayer's 100 shares of Plant Cultivation Co. became worthless prior to 1940, as the Commissioner has determined. The taxpayer can only overthrow the Commissioner's determination by evidence sufficient to establish that the shares did not in fact become worthless before 1940 and that the sale was the "identifiable event" upon the occurrence of which his loss was sustained. The evidence does not establish that, and the Commissioner's determination is sustained, both because it has not been overthrown *298 and because it is affirmatively supported by the evidence. Decision will be entered for the respondent.